IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR FLAGLER COUNTY

| | |
|---|---|
| DEBORAH HALE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SCIENCE APPLICATIONS INTERNATIONAL, CORP.,<br><br>　　　　Defendant. | CASE No.<br><br>DIVISION: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEBORAH HALE, ("PLAINTIFF") by and through her undersigned attorney, hereby sues the Defendant, SCIENCE APPLICATIONS INTERNATIONAL, CORP. ("DEFENDANT") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $50,000.00.

2. Venue lies within Flagler County because a substantial part of the events giving rise to this claim arose in this judicial district.

**PARTIES**

3. Plaintiff is a resident of Flagler County, Florida.

4. Defendant is a Virginia corporation registered and conducting business in Florida, and an employer and entity as defined by the laws under which this action is brought.

**GENERAL ALLEGATIONS**

5. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of Defendant.

1

6. At all times material, Plaintiff was an employee as that term is defined by the laws under which this action is brought.

7. Plaintiff has been required to retain the undersigned counsel to represent them in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff was hired by Defendant on September 12, 2022, as a Software Safety Engineer, a remote position.

10. Plaintiff was well-qualified for the System Safety Engineering position with Defendant. Plaintiff has been in the safety industry since 1983. Plaintiff is a Subject Matter Expert in Software and System Safety of Military Weapons.

11. Defendant promoted Plaintiff to System Safety Manager on April 1, 2023, which required Plaintiff to conduct a line-by-line review of the Software Code.

12. Around the time Plaintiff received her promotion to System Safety Manager, Plaintiff discovered several critical software issues and errors in the MLRS project while completing code reviews that would have prevented appropriate safety tests from being properly developed and tested, severely jeopardizing the safety of American civilians, troops, and allies. The issues and errors were in violation of the following laws, rules, and regulations, including but not limited to: the Department of the Army and United States Army Aviation and Missile Command AMCOM Regulation 385-17 Software System Safety Policy, the Defense Acquisition System, the United States Army Safety Program, the Department of Defense Standard Practice for System Safety, Joint Services Safety Authorities, Missile Defense Agency Assurance Provisions, NASA-GB-1740.13, and North Atlantic Treaty Organization Allied Ordinance Publication 52.

13. Plaintiff reported the violations to Defendant. Instead of taking action to correct the code and ensure the code was safe, Defendant ignored Plaintiff's reports, and nothing was done.

14. On April 7, 2023, Plaintiff again reported the violations of laws, rules, and regulations to the Civilian Government Manager on the MLRS project. The Civilian Government Manager agreed with Plaintiff and, due to the seriousness of the issue, decided to have the Process team and a higher-level Civilian Government Manager brought into the project discussion via Teams Messaging through April 10, 2023.

15. Plaintiff continued to report the violations of laws, rules, and regulations on the MLRS project during Defendant's SPRINT Meetings multiple times between March 21, 2023, and April 10, 2023.

16. Less than two weeks after complaining of violations of laws, rules, and regulations compromising safety and in retaliation for her complaints, Plaintiff was notified by her supervisor, Defendant's Program Director, on April 11, 2023, that Plaintiff was being removed from the MLRS program and moved to another program.

17. On April 13, 2023, prior to her removal from the project, Plaintiff complained to Defendant's Managers and Civilian Managers about the critical software safety issues and errors she discovered in Defendant's MLRS project during a project meeting. Defendant's Senior Safety Engineer corroborated Plaintiff's findings.

18. That same day, on April 13, 2023, after her complaint, Defendant's Program Director notified Plaintiff that her removal from the MLRS program would take place on May 26, 2023, and the MLRS program would be moving forward without her. Again, Plaintiff reported to Defendant's Program Director that Defendant was approving code that was incorrect and did not

3

have the appropriate safety implementation to properly test before sending it to American and NATO soldiers in violation of applicable laws, rules, and regulations.

19. On April 14, 2023, in retaliation for her complaints of violations of laws, rules, and regulations compromising safety, Plaintiff was notified by Defendant's Managing Director that she was being removed from the MLRS Program effective immediately. Later that afternoon, Plaintiff was further retaliated against when Defendant's Managing Director told Plaintiff that she had been placed on Leave Without Pay. Plaintiff was further advised that she had until May 12, 2023, to secure another position with Defendant or she would be terminated.

20. Plaintiff wrote a letter to HR complaining that she was retaliated against for her complaints of violations of laws, rules, and regulations compromising safety by being removed from the MLRS project, placed on Leave Without Pay, and effectively terminated.

21. To no surprise to Plaintiff, she could not secure another position with Defendant due to her complaints of violations of laws, rules, and regulations compromising safety. Plaintiff was terminated on April 14, 2023. Defendant has continued to retaliate against Plaintiff by making it difficult for her to find subsequent employment.

## COUNT I
### Florida's Private Whistleblower's Act

22. Plaintiff re-alleges and adopts paragraphs 1-21 as though set forth fully herein.

23. This is an action for damages pursuant to Florida's Private-Sector Whistleblower Act, F.S. §448.102, *et seq*.

24. As set forth above, Plaintiff complained and objected to Defendant's illegal conduct, which includes misfeasance, malfeasance, and violations of laws, rules, and regulations in compliance with Florida and Federal law.

4

25. Plaintiff reported critical safety issues and errors that severely jeopardized the safety of American civilians, troops, and allies and in violation of the following laws, rules, and regulations, including but not limited to: the Department of the Army and United States Army Aviation and Missile Command AMCOM Regulation 385-17 Software System Safety Policy, the Defense Acquisition System, the United States Army Safety Program, the Department of Defense Standard Practice for System Safety, Joint Services Safety Authorities, Missile Defense Agency Assurance Provisions, NASA-GB-1740.13, and North Atlantic Treaty Organization Allied Ordinance Publication 52.

26. After reporting Defendant's illegal activities, Defendant retaliated against Plaintiff by removing her from the MLRS program, placing her on Leave Without Pay, and terminating her. Further, Defendant has continued to retaliate against Plaintiff by making it difficult for her to find subsequent employment.

27. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages, including lost wages, benefits, and other remuneration, emotional distress, and humiliation. These losses are permanent and will continue into the future.

28. As a result of Defendant's unlawful acts against Plaintiff, Plaintiff will continue to incur attorney's fees which are recoverable under law.

WHEREFORE, Plaintiff prays for all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay;

c. Front pay and/or lost earning capacity;

d. Compensatory damages, emotional distress damages;

e. Injunctive relief and reinstatement;

  f. Prejudgment interest;

  g. Punitive damages;

  h. Costs and attorney's fees;

  i. Such other relief as the Court may deem just and proper; and

  j. Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state law.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs request a jury trial on all issues so triable.

Dated this 9th day of May 2025.

        CHANFRAU & CHANFRAU

        */s/ Kelly H. Chanfrau*
        Kelly H. Chanfrau, B.C.S.
        Florida Bar No. 560111
        Taylor C. Gruber, Esq.
        Florida Bar No. 1022466
        701 N. Peninsula Drive
        Daytona Beach, FL, 32118
        Telephone: 386-258-7313
        Facsimile: 386-258-8783
        Primary Email: Kelly@Chanfraulaw.com
        Secondary Email: Taylor@Chanfraulaw.com
        Secondary Email: Melanie@Chanfraulaw.com
        Secondary Email: Lindsy@Chanfraulaw.com
        Secondary Email: Katie@Chanfraulaw.com
        Secondary Email: Blake@Chanfraulaw.com