IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR FLAGLER COUNTY, FLORIDA
CIVIL DIVISION

**DEBORAH HALE,**

    **Plaintiff,**

                                                      **CASE NO.: 2025-ca-000275**

**SCIENCE APPLICATIONS
INTERNATIONAL, CORP.,**

    **Defendant.**

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendant, SCIENCE APPLICATIONS INTERNATIONAL, CORP., has removed the above-styled case to the United States District Court for the Middle District of Florida, Jacksonville Division, in accordance with the *Notice of Removal* attached hereto as **Appendix 1** (excluding exhibits).

DATED:   July 11, 2025.                   Respectfully submitted,

                                               **OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

                                               ***/s/ Sarah G. Hock***
Sarah J. Kuehnel; FBN: 124765
sarah.kuehnel@ogletree.com
Sarah G. Hock; FBN: 1025439
sarah.hock@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
T: (813) 289-1247; F: (813) 289-6530
Secondary emails:
melissa.salazar@ogletree.com
elba.chinea@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com
***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 11, 2025, I electronically filed the foregoing with the Clerk of Court via the Florida Courts E-Filing Portal, which will send electronic notification to all counsel of record.

Kelly H. Chanfrau, Esquire
Taylor C. Gruber, Esquire
**CHANFRAU & CHANFRAU**
701 N. Peninsula Drive
Daytona Beach, Florida 32118
Kelly@chanfraulaw.com
Taylor@Chanfraulaw.com
Melanie@Chanfraulaw.com
Lindsay@Chanfraulaw.com
Katie@Chanfraulaw.com
Blake@chanfraulaw.com

***Attorneys for Plaintiff***

<u>*/s/ Sarah G. Hock*</u>
Attorney

# APPENDIX 1

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**DEBORAH HALE,**

    **Plaintiff,**

**v.**                                                      **Case No.: _____**

**SCIENCE APPLICATIONS**
**INTERNATIONAL, CORP.,**

    **Defendant.**

_____/

### **DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, SCIENCE APPLICATIONS INTERNATIONAL, CORP., (hereinafter "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the case styled *Deborah Hale v. Science Applications International, Corp.,* Case No. 2025-CA-000275, currently pending in the Circuit Court for the Seventh Judicial Circuit, in and for Flagler County, Florida (the "State Court Action"), to the United States District Court for the Middle District of Florida, Jacksonville Division. As grounds, Defendant states as follows:

    1.    On or about May 9, 2025, Deborah Hale ("Plaintiff") filed her Complaint with the Seventh Judicial Circuit, in and for Flagler County, Florida, initiating the State Court Action.

    2.    Defendant was served with the Complaint on June 19, 2025.

3. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within thirty days after receipt of a copy of Plaintiff's initial pleading.

4. Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of all processes, pleadings, motions, and orders on file with the State Court Action is attached as **Exhibit A.**

5. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Middle District of Florida, Jacksonville Division, is the district and division within which the Circuit Court for the Seventh Judicial Circuit in and for Flagler County, Florida, is located.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the First Judicial Circuit, in and for Okaloosa County, Florida. *See* **Exhibit B.**

### I. DIVERSITY OF CITIZENSHIP EXISTS

7. Pursuant to 28 U.S.C. § 1332 and 1441, this action may be removed to this Court in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are set forth below.

### A. Plaintiff is a citizen of Florida.

For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of [her] true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted). "A person's domicile is determined by a review of the 'totality of the evidence'. . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)). Evidence that may be factored into a court's consideration includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

Here, given the totality of the evidence, there can be no doubt that Plaintiff is, and was at the time of filing the Complaint and at the time of removal, a citizen of the State of Florida. According to the allegations in the Complaint, Plaintiff is a resident of the state of Florida, County of Flagler. *See* Compl. ¶ 3. As a resident of Florida, Plaintiff is domiciled in and, therefore, a citizen of the state of Florida. *Molinos Valle*

3

*Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). Accordingly, Plaintiff, at the time this action was commenced, was and still is a citizen of the State of Florida for purposes of this removal.

    **B.**    **Defendant Is Not a Citizen of Florida.**

    8.    Complete diversity of citizenship exists because Defendant is not a citizen of the state of Florida within the meaning of 28 U.S.C. § 1332(c)(1).

    9.    Pursuant to 28 U.S.C. §1332(c), to determine diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business. *See Mesi v. First Liberty Insur. Corp.*, 2012 WL 12910616, at *2 (M.D. Fla. Oct. 1, 2012) (citing 28 U.S.C. § 1332(c)). According to the United States Supreme Court's test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181 (2010), a corporation's principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities, sometimes referred to as the corporation's "nerve center." *See Wylie v. Red Bull North America, Inc.*, 627 Fed. Appx. 755, 757-758 (11th Cir. 2015) (citing *Hertz Corp.*, 559 U.S. at 92-93 (2010); *Gordon v. Northwestern Mutual Life Insur. Co.*, 2017 WL 3279160, at *1 (M.D. Fla. Apr. 18, 2017) (same). In practice, the "nerve center" is normally where the corporation maintains its headquarters.

    10.    Defendant is a corporation incorporated in the State of Virginia and has its principal place of business located at 12010 Sunset Hills Road, Reston, Virginia

20190. *See* **Exhibit C**, Declaration of JamiLee M. Beddingfield, ¶ 6. Therefore, Defendant is not a citizen of the state of Florida. Diversity, thus, exists under 28 U.S.C. § 1332, as the Plaintiff and Defendant are citizens of different states.

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

11.   Where, as here, damages are not specified in the Complaint, the removing defendant bears the burden of proving that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Vasquez v. Cyprus Amax Mins. Co.*, 2018 WL 6807378, at *1-2 (S.D. Fla. Sept. 18, 2018) ("a removing defendant must prove that the amount in controversy 'more likely than not' exceeds $75,000" (citing *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 1725232, at *2 (M.D. Fla. June 14, 2007)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it"). In determining the amount in controversy, the Court should look to the complaint. *Id.* If the amount is indeterminate from the complaint alone, as it is in this case, the "[C]ourt can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *Leon v. First Liberty Ins., Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. Nov. 6, 2012)

(internal citations and quotations omitted). "This evidence may include the removing defendant's own affidavit, declaration, or other documentation." *Id*. Moreover, the Court is permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770

12. Plaintiff's allegations arise out of her employment with Defendant. Specifically, the Complaint alleges Defendant violated Section 448.102. Florida Statutes. Under this statute, an individual can potentially recover compensatory damages, lost wages, and reasonable attorney's fees. Fla. Stat. § 448.102. In accordance with the statute's language, Plaintiff seeks "compensation for lost wages, benefits, and other remuneration; compensatory damages…; and such further relief as this Court deems just." *See* Compl., ¶ 28 and ensuing "wherefore" clause.

13. Back pay and front pay are part of the amount in controversy. *Penalver v. Northern Electric, Inc.*, No. 12-80188, 2012 WL 1317621, *2 (S.D. Fla. April 17, 2012). Back pay is calculated from the date of the adverse action to the anticipated trial date. *Id. See also Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05CV120/MCR, 2006 WL 481667, *3 (N.D. Fla. Feb. 27, 2006); *Jiles v. United Parcel Serv., Inc.*, No. 3:07–cv–1115–J–25MCR, 2008 WL 11336707, at *3 (M.D. Fla. Jan. 10, 2008) ("the Court should calculate back pay from the date of termination until, at a minimum, the proposed trial date.").

14. As to back pay, based on compensation records, Plaintiff earned $175,000 annually at the time of her termination. **Exhibit C**, ¶ 9. Plaintiff's

6

termination became effective on May 12, 2023. **Exhibit C**, ¶ 10. To date, Plaintiff's alleged lost wages total $XX. Single plaintiff discrimination cases ordinarily take approximately two (2) years from the date of filing to reach trial. Thus, there will be approximately three (3) years elapsed by the point of trial in this matter, at which time Plaintiff's back pay would equate $525,000.

15. As to front pay, courts have found that one year of front pay is a reasonable assumption in calculating the amount in controversy. *Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (finding one year of front pay to be a reasonable estimate of the amount in controversy in an FCRA case). Here, one year of front pay is the equivalent of $175,000.

16. Accordingly, it is more likely than not that the back pay and front pay in controversy equals $700,000 – well in excess of the statutory minimum necessary to support removal on diversity grounds.

17. As further support for removal of this action, Defendant notes that the statute permits an award of punitive damages. Fla. Stat. §40.271 (2024). Punitive damages are included in the jurisdictional amount. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). Defendant "need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *Id*. (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir.2011). ("[U]nless recovery of an amount exceeding the jurisdictional

7

minimum is legally impossible, the case belongs in federal court."). "Any inquiry into whether [plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*." *McDaniel,* 568 F. App'x 729, 731-32 (11th Cir. 2014).

18. Thus, given the $700,000 in potential back and front pay wages, excluding the potential punitive damages, the amount in controversy well exceeds $75,000.00.

### III.  CONCLUSION

Taken together, it is clear diversity exists. Regarding citizenship, Plaintiff is a citizen of Florida, while Defendant is a citizen of Virginia. Regarding the amount in controversy, the amount in controversy exceeds $75,000. Therefore, diversity jurisdiction exists.

**WHEREFORE,** Defendant, SCIENCE APPLICATIONS INTERNATIONAL, CORP., respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove *Deborah Hale v. Science Applications International, Corp.,* Case No. 2025-ca-000275, currently pending in the Circuit Court for the Seventh Judicial Circuit, in and for Flagler County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division.

DATED:   July 11, 2025.          Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Sarah G. Hock*
Sarah J. Kuehnel; FBN: 124765
sarah.kuehnel@ogletree.com
Sarah G. Hock; FBN: 1025439
sarah.hock@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
T: (813) 289-1247; F: (813) 289-6530
Secondary emails: elba.chinea@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Kelly H. Chanfrau, Esquire
Taylor C. Gruber, Esquire
**CHANFRAU & CHANFRAU**
701 N. Peninsula Drive
Daytona Beach, Florida 32118
Kelly@chanfraulaw.com; Taylor@Chanfraulaw.com
Melanie@Chanfraulaw.com; Lindsay@Chanfraulaw.com
Katie@Chanfraulaw.com; Blake@chanfraulaw.com

*Attorneys for Plaintiff*

*/s/ Sarah G. Hock*
Attorney

9